# IN THE COURT OF APPEALS OF IOWA

No. 21-1427
Filed March 29, 2023

**HARLAN J. MOTT Jr.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

An applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Brenna Bird, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Harlan Mott Jr. was convicted of first-degree kidnapping and assault causing bodily harm in 2007. He appealed the conviction, which a panel of this court upheld in *State v. Mott*, 759 N.W.2d 140, 151 (Iowa Ct. App. 2008); procedendo issued in 2009. Mott filed his first application for postconviction relief (PCR) in 2009, which was denied by the district court in 2019—an outcome affirmed by a panel of this court in 2021.[1] *See Mott v. State*, No. 19-0834, 2021 WL 591680, at *4 (Iowa Ct. App. Jan 21, 2021). Mott filed his current, second PCR in 2021 alleging ineffective assistance of counsel, due process violations, *Brady* violations,[2] prosecutorial misconduct, and newly discovered evidence. The State moved to dismiss the action as untimely. *See* Iowa Code § 822.3 (2021) ("[PCR] applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."). The district court granted the State's motion. Mott appeals, arguing we should adopt the doctrine of equitable tolling or find Iowa Code section 822.3 unconstitutional. We review both a statute-of-limitations defense and a district court's dismissal of a PCR application for correction of errors of law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020).

---

[1] Mott's first PCR case had a longer course because Mott successfully overturned a default judgment before the PCR case was considered on the merits. *See generally Mott v. State*, No. 12-1293, 2013 WL 5962908 (Iowa Ct. App. Nov. 6, 2013).

[2] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

Mott argues his 2021 application was not untimely. In support of this, he points to *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), which allowed a route around the time bar for PCRs involving ineffective-assistance-of-counsel claims; but *Allison* was abrogated by an amendment to section 822.3 in 2019. *See Sandoval v. State*, 975 N.W.2d 434, 436 (Iowa 2022) (citing 2019 Iowa Acts ch. 140, § 34). Mott recognized this at the motion hearing and urged, as he does on appeal, the court to adopt equitable tolling. But "this court has frequently held that equitable tolling does not apply to section 822.3." *See Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 & n.2 (Iowa Ct. App. Jan. 9, 2020) (collecting cases). So, Mott's application was untimely.[3]

Mott next argues section 822.3's time limitation violates his constitutional right to due process. But Mott never raised this argument to the district court, and the district court never ruled on it. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Lamasters*, 821 N.W.2d at 862 (citation omitted). Because Mott failed to preserve error for this claim, we address it no further.

---

[3] Though Mott did raise the issue of new grounds of fact or law in his initial application, which would have avoided section 822.3's time bar, the district court did not rule on the issue and so Mott has not preserved error. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." (citation omitted)). Even if he had, he does not name any newly discovered evidence in his appellate brief nor provide any case law about the issue, so we would consider it waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

Because Mott's application was untimely and he did not preserve his constitutional challenge, we affirm the district court's dismissal of Mott's second PCR application.

**AFFIRMED.**